# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOHN MALOZIENC, ) | |
| ) | |
| Plaintiff, ) | Case No. 05 C 7001 |
| ) | |
| v. ) | Magistrate Judge Morton Denlow |
| ) | |
| PACIFIC RAIL SERVICES, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff John Malozienc ("Plaintiff") filed a racial discrimination suit under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 against his employer, Defendant Pacific Rail Services ("Defendant"). Defendant filed a motion for summary judgment contending Plaintiff's claim is untimely. The Court conducted oral argument on August 12, 2008 and announced the ruling from the bench. This opinion goes into greater detail regarding the basis for the Court's decision. For the following reasons, Defendant's motion for summary judgment on the issue of untimeliness is denied.

## I. BACKGROUND FACTS

As required when considering a motion for summary judgment, the following facts regarding the timeliness of Plaintiff's complaint are undisputed or presented in the light most favorable to the Plaintiff when contested. *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).

**A.   Plaintiff Files Initial Discrimination Charge with IDHR**.

Plaintiff filed a Charge of Discrimination with the Illinois Department of Human Rights ("IDHR") on April 15, 2004, alleging Defendant discriminated against him on the basis of race. PRDSOF ¶ 67.[1] The IDHR assigned an investigator, Mark Lamb ("IDHR Investigator"), to investigate Plaintiff's allegations. DRPSOF ¶ 3. Plaintiff told the IDHR Investigator of his intention to bring the claim on behalf of other similarly situated employees.[2] Pl. Ex. 1. The IDHR Investigator advised Plaintiff to file with the Equal Employment Opportunity Commission ("EEOC") because the IDHR could not handle class action claims. Pl. Ex. 1. On October 24, 2004, the Investigator told Plaintiff he would send Plaintiff the necessary paperwork to transfer the claim to the EEOC. PSOF ¶ 8.

**B.     First Right-to-Sue Letter Issued on March 22, 2005**.

---

[1] Citations to the record are in the following form: Defendant's Local Rule 56.1(a)(3) Statement of Material Facts as to which There Is No Genuine Issue is cited as DSOF ¶__; Defendant's Attachments to Its Local Rule 56.1(3) Statement of Material Facts as to which There is No Genuine Issue is cited as Def. Att.__; Plaintiff's Exhibits and Appendix of Cases in Support of His Response to Defendant's Motion for Summary Judgment is cited as Pl. Ex.__; Plaintiff's Local Rule 56.1(b)(3) Response to Defendant's Statement of Material Facts Limited to Whether His Complaint Was Timely Filed is cited as PRDSOF ¶__; Plaintiff's Local Rule 56.1(b)(3)(6) Statement of Additional Facts Requiring Denial of Defendant's Motion is cited as PSOF ¶__; Defendant's Response to Plaintiff's Statement of Additional Facts Regarding The Issue of Whether Plaintiff's Complaint Was Timely Pled is cited as DRPSOF ¶ __; Defendant's Attachments to Its Reply Brief in Support of its Motion for Summary Judgment on the Issue of Whether Plaintiff's Complaint Was Timely Filed is cited as DA ¶__; Defendant's Reply Brief is cited as Def. Rep.__.

[2] Defendant has urged the Court to strike this fact and any others related to evidence submitted by Plaintiff after the close of discovery. As discussed below, the Court finds Plaintiff cured any failure to comply with Federal Rule 26(a). *See infra* Part III A. Therefore, evidence related to these facts is admissible, and the Court includes and considers them.

Plaintiff received withdrawal documents from the IDHR Investigator, which he signed and returned. PSOF ¶ 9. Unbeknownst to Plaintiff, there were two ways in which to "withdraw" a charge of discrimination from the IDHR: (1) withdrawal of a charge in such a manner that would cause the EEOC to issue a right-to-sue notice, or (2) withdrawal of a charge so that the IDHR would stop actively investigating the charge and transfer it to the EEOC for investigation. Pl. Ex. 1. Though Plaintiff intended the latter, the IDHR Investigator erroneously prepared Plaintiff's paperwork. *Id.* The documents Plaintiff signed indicated a request to withdraw his claim in order to pursue a suit in federal court. *See* Pl. Ex. 1. Upon receipt of these documents, the EEOC issued a right-to-sue notice to Plaintiff on March 22, 2005, ("First Right-to-Sue Notice"). DRPSOF ¶ 16. The notice stated "Issued on Request" and notified Plaintiff he had a ninety-day time limit within which to file a complaint in federal court or the right to sue would be lost. Def. Att. ¶ 23.

**C.   EEOC Rescinds First Right-to-Sue Letter on May 16, 2005.**

On May 4, 2005, Plaintiff wrote a letter to John Rowe, District Director of the EEOC, explaining he had not intended for the charge to be dismissed nor for a right-to-sue notice to be issued. *See* Pl. Ex. 1; Pl. Ex. 1A. Mr. Rowe sent a response dated May 16, 2005, which stated the following:

> We issued a Notice of Right to Sue on your charge on March 22, 2005. According to your correspondence, it was not your intent for a Notice to be issued. It was your intent for the EEOC to complete the investigation of your charge. Based on your correspondence and our follow-up with staff at IDHR, we are rescinding our Notice dated March 22, 2005 and reopening your charge and transferring it to one of our Enforcement Units for the completion of the investigation.

Pl. Ex. 1B.

Rowe's rescission letter shows he sent a courtesy copy to Defendant's representative, Mike List. Pl. Ex. 1B. The letter also indicates, however, that it was incorrectly mailed to "8025 South 178th St.", rather than the correct address for Mike List, which is "802 South 178th St." DA ¶ 1. The EEOC subsequently interviewed Plaintiff concerning his charge. Pl. Ex.1; Pl. Ex.1C. Meanwhile, based on the EEOC's May 16, 2005 rescission letter, Plaintiff did not file suit against Defendant within ninety (90) days of his receipt of the March 22, 2005 Right-to-Sue Notice. Pl. Ex. 1.

**D.    EEOC Issues Plaintiff a Second Right-to-Sue Letter on September 13, 2005, and Plaintiff Files Suit on December 13, 2005**.

The EEOC sent Plaintiff a second right-to-sue notice on September 13, 2005 ("Second Right-to-Sue Notice") stating, "if you decide to sue, you must sue within 90 days from your receipt of this Notice; otherwise your right to sue is lost." Pl. Ex. D. Plaintiff received it within five mailing days. DRPSOF ¶ 21. Plaintiff filed his *pro se* complaint on December 13, 2005, which was within ninety days of his receipt of the Second Right-to-Sue Notice. DRPSOF ¶ 22. Plaintiff attached a copy of the September 13, 2005 Right-to-Sue Notice as an exhibit to his complaint.

## II. LEGAL STANDARD

### A. Summary Judgment

A court may grant summary judgment when the "pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 255. The movant bears the burden of establishing that there exists no genuine issue of material fact. *Celotex Corp. v Catrett*, 477 U.S. 317, 323 (1986); *Hedburg v. Indiana Bell Tel. Co.*, 47 F.3d 928, 931 (7th Cir. 1995). The party bearing the burden of proof on any issue at trial may not rest on the pleadings, however, but must "designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. The evidence is viewed in the light most favorable to the non-movant and "all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

## III. DISCUSSION

Defendant contends that the evidence Plaintiff relies on to prevent dismissal on summary judgment must be stricken under Rule 37(C)(1) of the Federal Rules of Civil Procedure because this evidence was neither produced nor identified in Plaintiff's initial disclosures as required by Federal Rule of Civil Procedure 26(A)(1). Even if the disputed evidence is considered, Defendant contends summary judgment is appropriate because Plaintiff was required to submit his complaint within ninety days of the First Right-to-Sue

Letter. The Court rejects both arguments. First, the Court finds Federal Rule of Civil Procedure 37 sanctions do not bar the evidence because Plaintiff complied with Federal Rule of Civil Procedure 26(e). Second, the Court finds the ninety-day time period expired on December 18, 2005 in connection with Plaintiff's receipt of the Second Right-to-Sue Notice dated September 13, 2005.[3] Thus, Plaintiff timely filed his complaint on December 13, 2005.

A.  **Evidence Supporting Plaintiff's Response to Defendant's Motion Is Not Barred by Rule 37 of the Federal Rules of Civil Procedure**

Defendant objects to all facts in Plaintiff's response relating to the evidence of letters sent to and from Mr. Rowe ("Rowe Letters").[4] Defendant is understandably frustrated by Plaintiff's late disclosure of the Rowe Letters. Plaintiff did not disclose them until May 14, 2008, more than seven months after the close of discovery, and two weeks after Defendant filed this motion for summary judgment.

Defendant asks the Court in its discretion to sanction Plaintiff pursuant to Federal Rule of Civil Procedure 37, the purpose of which is to ensure compliance with discovery requirements. Rule 37(c)(1) states that "if a party fails to provide information . . . as required by Rule 26(a) or 26(e), the party is not allowed to use that information . . . to supply evidence on a motion . . . unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

---

[3] Ninety days began to run on Monday, September 19, 2005, or five days after the date of the letter, which is when Plaintiff is assumed by law to have received it. *Loyd v. Sullivan*, 882 F.2d 218 (7th Cir. 1989). The time limitations period expired ninety calendar days later on December 18, 2005.

[4] These include facts supported by Plaintiff's affidavit of June 7, 2008 in which Plaintiff explains and elaborates on those letters, EEOC interview notes, and the second Right-to-Sue letter.

6

The Court finds Plaintiff complied with Rule 26(e), and therefore avoided triggering Rule 37. Defendant's brief does not address whether Plaintiff complied with Rule 26(e), but focuses instead on Plaintiff's failure to supply the Rowe Letters at the Rule 26(a) stage of the litigation. Rule 26(a)(1), entitled "Duty to Disclose," requires initial disclosures of "the name, and if known, the address and telephone number of each individual likely to have discoverable information - along with the subjects of that information - that the disclosing party may use to support its claims or defenses . . . " Fed. R. Civ. P. 26(a)(1)(A)(I). Also, "a party must make its initial disclosures based on information then reasonably available to it." Fed. R. Civ. P. 26(a)(1)(E). According to Defendant, Plaintiff was obligated but failed to produce the Rowe Letters in response to Defendant's initial discovery request for any and all documents that Plaintiff sent to or received from the EEOC.

Defendant ignores, however, the related Rule 26(e), which allows for supplemental disclosure at a later date, so long as the material is produced in a timely manner:

> a party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process . . .

Fed. R. Civ. P. 26(e)(1)(A). Plaintiff complied with Rule 26(e) by supplementing discovery production as soon as possible. According to Defendant, "Ms. Arnoff contacted Mr. Perry immediately upon being made aware of the existence of these documents." Def. Rep. at 6. Without any indication Plaintiff violated Rule 26(e), the Court rejects Defendant's request to strike Plaintiff's evidence under Fed. R. Civ. P. 37 (c).

7

**B.     Plaintiff Timely Filed Within the Limitations Period Determined by the Second Right-to-Sue Notice.**

Alternatively, Defendant argues summary judgment is appropriate because Plaintiff was bound by the time limitation beginning the day he received the First Right-to-Sue Notice, despite Rowe's rescission letter and the issuance of the Second Right-to-Sue Notice. Defendant points to EEOC regulations to support his contention.

Defendant's reply brief draws the Court's attention to an EEOC regulation that supposedly renders District Director Rowe's rescission of the First Right-to-Sue Notice ineffectual. The regulation states in pertinent part:

> [i]n cases where the Commission decides to reconsider the dismissal or a determination finding reasonable cause to believe a charge is true, a *notice of intent to reconsider* will promptly issue. *If such notice of intent to reconsider is issued within 90 days from receipt of a notice of a right-to-sue* . . . the notice of intent to reconsider will . . . *revoke the notice of right-to-sue.* If the 90-day period has expired, the charging party has filed suit, *or the charging party had requested a notice of right to sue pursuant to § 1601.28(a)(1) or (2),* the notice of intent to reconsider will vacate the dismissal or letter of determination, *but will not revoke the notice of a right to sue.*

29 C.F.R. § 1601.21(b)(1) (emphasis added).

Rowe's Letter was issued on May 16, 2005, approximately one month before the expiration of the 90 days from when Plaintiff received the First Right-to-Sue letter. Thus, according to the first clause of this regulation, Rowe's Letter, if constituting a notice of intent to reconsider, thereby "revoke[d] the notice of right to sue," referring here to the First Right-to-Sue Notice. Defendant contends, however, that under the second clause of this regulation, Rowe did not have the authority to rescind the First Right-to-Sue letter because Plaintiff

requested it. The Court disagrees. Although Plaintiff received the First Right-to-Sue letter, he did not request such a letter. Based on the record before the Court, Plaintiff did not really request a right-to-sue letter; he requested something else. The EEOC itself, in its May 16 letter, acknowledges that Plaintiff did not make such a request. Pl. Ex. 1B; *See supra* I.C. Thus, the Court finds Plaintiff did not request the First Right-to-Sue letter as referenced under the second clause of 29 C.F.R. § 1601.21(b)(1).

Rather, the Court finds the First Right-to-Sue Notice is invalid, and Plaintiff's ninety-day time limitation did not begin to accrue when he received it. Instead, the Second Right-to-Sue Notice is valid according to EEOC regulation, 29 C.F.R. §1601.28(a), entitled "Issuance of notice of right-to-sue upon request." It states:

> Issuance of a notice of right to sue shall terminate further proceeding of any charge that is not a Commissioner charge unless the District Director . . . determines at that time or at a later time that it would effectuate the purpose of title VII . . . to further process the charge.

29 C.F.R. §1601.28(a)(3). Here, the fact that the EEOC interviewed Plaintiff after the First Right-to-Sue Notice was issued demonstrates that the EEOC had not terminated further proceeding of Plaintiff's investigation. *See Hiduchenko v. Minneapolis Medical and Diagnostic Center*, 475 F.Supp. 1175, 1180 n.3 (D. Minn.1979)(finding first of two right-to-sue notices invalid partly because issuance of the first letter did not result in "dismissal"). Therefore, the First Right-to-Sue Notice had no legal effect. Instead, per the regulation, District Director Rowe appears to have determined "it would effectuate the purpose of title VII to further process the charge." Therefore, District Director Rowe had the authority to issue the

9

Second Right-to-Sue Notice.

Defendant contends Plaintiff's signature on the Request For a Notice Of Right-To-Sue binds him by contract to the resulting First Right-to-Sue letter. Plaintiff explains the mistaken issuance of the First Right-to-Sue Notice as arising after a mis-communication between Plaintiff and the IDHR Investigator. As a result, Plaintiff inadvertently signed paperwork requesting a right-to-sue notice from the EEOC, when he intended a transfer to the EEOC. But Defendant denies Plaintiff's intention makes any difference, instead arguing contract law binds all signatories, who must read and understand papers before signing them. *Paper Express, Ltd. v. Pfankuch Maschinien, GmbH*, 972 F.2d 753, 757 (7th Cir. 1992)(binding two sophisticated business people to the terms of a contract though some were written in a foreign language). But courts need not enforce a contract deemed unreasonable or unjust. *Id*. Here given that Plaintiff was proceeding *pro se*, that Plaintiff acted quickly to correct the mistake, and most importantly that Plaintiff reasonably relied on Rowe's Letter of rescission, Defendant's contract theory argument is unreasonable and this Court rejects it. As the Supreme Court recently found, "documents filed by an employee with the EEOC should be construed . . . to protect the employee's rights and statutory remedies." *Federal Express Corp. v. Holowecki,* 552 U.S. ---. --- , 128 S. Ct. 1147, 1160 (2008). Rules of interpretation should not be so strict so as to cause individuals to retain counsel in order to avoid filing errors, increasing both the cost and likelihood of litigation. *See id.* Here, although Plaintiff received a right-to-sue letter, he did not request such a letter, and took immediate steps to assert this point upon receiving the letter. Accordingly, and because the EEOC continued to investigate Plaintiff's

charge, Plaintiff's Second Right-to-Sue Notice is valid.

As a result, Plaintiff's last day to timely file was December 18, 2005, ninety days after he received the Second Right-to-Sue Notice. Plaintiff in fact filed his complaint on December 13, 2005, five days before the expiration date. Therefore, the Court finds Plaintiff filed within ninety days and denies Defendant's summary judgment motion on the issue of timeliness.

In the event that Defendant's additional discovery causes him to renew the issue of the First Right-to-Sue letter, the Court at that time might consider the doctrine of equitable tolling. But because the Court holds that Plaintiff did timely file his complaint, the Court need not address that doctrine now. *See Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 850 (7th Cir. 2001)(stating that "equitable tolling . . . is reserved for situations in which the claimant 'has made a good faith error . . . or has been prevented in some extraordinary way from filing his complaint in time'" (quoting *Jones v. Madison Service Corp.,* 744 F.2d 1309, 1314 (7th Cir. 1984)).

### IV. CONCLUSION

Plaintiff sought assistance from two government agencies on how to proceed with his discrimination claim. Although he had no legal representation, he diligently followed their instructions. To deny a *pro se* Plaintiff his day in court on the basis of someone else's

procedural error would be a miscarriage of justice. **For the above reasons, Defendant's motion for summary judgment on the issue of timeliness is denied. Defendant will be allowed to take discovery on the issue of all communications between Plaintiff and the EEOC**.

**SO ORDERED THIS 19th DAY OF AUGUST, 2008.**

_____
**MORTON DENLOW
UNITED STATES MAGISTRATE JUDGE**

**Copies sent to**:

Alisa B. Arnoff
Sclalmbrino & Arnoff, LLP
One North LaSalle St. Suite 1600
Chicago, IL 60602

**Counsel for Plaintiff**

Clifford R. Perry III
Laner, Muchin, Dombrow, Becker, Levin & Tominberg, Ltd.
515 North State Street
Suite 2800
Chicago, Il 60610

**Counsel for Defendant**